UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Pollack Landstrom Associates,

Plaintiff,

vs.

Labtec Corporation,

Defendant.

**Court File: 00-123 RHK/JMM**

**STIPULATION AND PROTECTIVE ORDER**

---

**STIPULATED PROTECTIVE ORDER**

Each of the parties to this action recognizes that it may be necessary to disclose certain confidential information relating to the subject matter of this action, but each wishes to ensure that such confidential information shall not be used for any purpose other than preparation of this action and shall not be made public or be otherwise disseminated beyond the extent necessary for purposes of this action. Each of the parties represents that it has no intention to use any confidential information obtained from another party for another purpose.

Accordingly, the parties agree, subject to approval of the Court, that the following procedure shall be adopted for the protection, during discovery and other pretrial proceedings in this action and at the trial, of confidential business information.



FILED AUG 0 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## DEFINITIONS

The following definitions shall apply to this Order:

(a) "Confidential Information" shall mean and refer to any documents, testimony, responses to interrogatories or requests for admissions, or other information, in whatever form or media, which the producing party designates as "confidential" at the time of their disclosure, whether such designation be in writing or otherwise of record, and which comprises, embodies, or summarizes matter which any party considers confidential and desires not to be made public, such as, by way of example and not limitation, trade secrets, confidential research, and commercial or financial information, and which is not public knowledge or otherwise ascertainable or available to the general public.

(b) "Qualified Person" shall mean and refer to counsel of record for the parties to this action, office associates, paralegals, and stenographic and clerical employees (including a court reporter recording or transcribing a deposition or proceedings in this action) and the parties to the action themselves.

## PROVISIONS GOVERNING CONFIDENTIAL INFORMATION

1. Confidential Information shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis preparation and trial of this action.

2. Confidential Information shall be retained by the parties' counsel and shall not be disclosed or made available to any person except a Qualified Person who has read and agreed to the terms of this Order. Said Confidential Information shall not be used by any Qualified Person, except solely for the purposes of litigation in this action and shall not be used for any other purpose

whatsoever. The substance or content of Confidential Information, as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a Qualified Person. If Confidential Information or summaries thereof have been entered into a computerized database, only Qualified Persons shall have access to the database.

3. Prior to making any Confidential Information available to an expert who is not a Qualified Person, such person shall sign an agreement in the form attached hereto as Exhibit A prior to disclosure. A copy of each such executed agreement shall be maintained by the counsel who is making the confidential information available to the expert.

4. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5. Whenever a document or thing produced by any party involves a disclosure of Confidential Information which the producing party wishes to be subject to this Protective Order, the producing party shall mark the same at the time it is produced to the other party with the legend "Confidential". Any copy made of all or any portion of such document or thing or any abstract, summary, or memorandum embodying said Confidential Information shall likewise bear on its face the aforesaid legend.

6. Whenever Confidential Information is referred to or incorporated in, or if a document designated Confidential is submitted with or as an exhibit to, any motion or other paper filed in this action, the motion or other paper shall be filed under seal subject to further orders of the Court.

7. Whenever a deposition taken on behalf of any party hereto or testimony at the trial involves a disclosure of Confidential Information:

(a) The confidential portion of said deposition or testimony shall, at the designation of the party asserting confidentiality, be taken subject to the provisions of this Protective Order. Only Qualified Persons, including the court reporter and the witness, shall be present at such depositions during the confidential portion of such deposition. A designation shall be made on the record whenever possible, but a party may designate portions of the transcript of depositions as containing confidential information after transcription, as in the case of any other document or tangible thing, provided that written notice of such designation is given to all other parties within thirty (30) days after a transcript of said deposition is available.

(b) The cover page and those portions of the original and all copies of deposition transcript and of trial testimony which contain Confidential Information shall bear the legend "Confidential" and, if filed with the Court, at least the confidential portion shall at the time of filing be sealed, identified as being "Confidential" and not opened except by order of this Court.

8. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any Confidential Information, whether as part of a document or deposition testimony, counsel for the party asserting confidentiality may request the Court to preserve the confidentiality of that Confidential Information to the extent and by means the Court deems necessary and appropriate.

9. The designation of any document or information by any disclosing party as confidential shall not constitute evidence nor an admission that the document or information so designated is or is not in fact confidential or relevant to any issue in this case. Any party will have the right to

oppose production of any information on any appropriate grounds. This Order shall bc without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not in fact confidential or relevant to any issue of this case; upon such hearing the person asserting confidentiality or relevance shall have the burden of establishing the same. Any party claiming that information designated by the other party as confidential has been in the possession of the public prior to exposure or disclosure of such information through discovery herein shall have the burden of proving such public knowledge of such information. A failure of any party to challenge a claim of confidentiality shall not constitute acquiescence to such claim if a question of compliance with this stipulation is subsequently raised. Any party may apply to this court for such modification of this Order as the court may deem appropriate.

10. Upon the final determination of this action, counsel for the parties and all "Qualified Persons" shall destroy or return to the disclosing party's counsel, all documents containing Confidential Information, as well as any copies, summaries, notes, and memoranda related thereto unless the Court should order otherwise. In addition, if Confidential Information or summaries thereof have been entered into a computerized database, the database shall be purged and disclosing party's counsel provided with a certification that all documents, copies, summaries, notes, memoranda, and database entries located on nonremovable magnetic or optical media have been purged, destroyed, or returned unless the Court should order otherwise.

11. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the disclosing party shall be relying upon the terms and conditions of this Order.

**IT IS SO ORDERED THIS** 4 **day of** August**, 2000.**

______________________________
Magistrate Judge of United States District Court

**STIPULATION**

The parties hereto, by their undersigned counsel, hereby stipulate and agree that the court may enter the foregoing Stipulated Protective Order without further notice or hearing and that any party may submit this stipulation and order to the court ex parte.

**HARRIS & CARGILL, P.A.**

Dated: 7/31/00

By ______________________________
Scott G. Harris, Esq.
Rolin L. Cargill, III, Esq.
510 Marquette Avenue South, Suite 200
Minneapolis, MN 55402-1111
(612) 677-7600

**BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.**

Dated: 8/1/00

By ______________________________
Dale M. Wagner (License #113554)
J. Scott Andresen (License #0292953)
Attorneys for Labtec Corporation
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 333-3000

**EXHIBIT A**

**STIPULATED PROTECTIVE ORDER**

I have read the Stipulated Protective Order of record in the case of *Pollack Landstrom Associates v. Labtec Corporation,* Court File No. 00-123 RHK/JMM in the United States District Court, District of Minnesota. In consideration for the disclosure to me of information designated as confidential in this proceeding by ________________________________, I agree to be bound by its terms and hereby submit to the jurisdiction of the United States District Court, District of Minnesota, should I breach any of its terms.

______________________________________
(Signature)

Name: ________________________________

Address: ______________________________

______________________________________

Date: ________________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.