**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pollack Landstrom Associates,

Plaintiff,

v.

Civil No. 00-123 (RHK/JMM)
**ORDER**

Labtec Corporation,

Defendant.

---

Before the Court are the parties' Motions in Limine, which were argued to the Court at a pre-trial status conference held on February 7, 2001, before the undersigned. Jeffrey A. Olson appeared on behalf of the Plaintiff, and Dale M. Wagner appeared on behalf of the Defendant. Based on the all of the files, records and proceedings herein, including the arguments and memoranda of counsel, and for the reasons stated on the record, **IT IS ORDERED** that

1. Plaintiff Pollack Landstrom Associates' Motion in Limine (Doc. No. 51) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. That portion of the Motion in Limine seeking to exclude evidence of information that Labtec may have learned after October 1, 1999, tending to support "good cause" for ending the sales representative relationship with Pollack Landstrom is **DENIED**, and Labtec will be allowed to present evidence regarding information it



FILED FEB 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

learned up through and including January 21, 2000;

b. That part of the Motion in Limine seeking to exclude evidence of a late 2000 statement made by a Musicland employee to Labtec's CEO, Robert Wick, at a golf outing, the Motion in Limine is **GRANTED** on the grounds of hearsay and relevance;

c. That part of the Motion in Limine seeking to exclude evidence of Labtec's satisfaction with Select Sales, the replacement sales representative for Pollack Landstrom, is **DENIED**.

2. Plaintiff Pollack Landstrom Associates' Second Motion in Limine (Doc. No. 56), seeking to exclude the testimony of two witnesses who were allegedly untimely disclosed as "experts" is **DENIED**.

3. Defendant Labtec Corporation's Motion in Limine (Doc. No. 52) is **DENIED** to the extent it seeks to exclude evidence regarding the business entertainment of certain Best Buy employees.

4. The Court reserves ruling on that portion of Labtec's Motion in Limine addressing the cross-examination of Defendant's witness, Mr. Russell Weed. The Defendant is directed to file (with two courtesy copies to the Court) and serve a written Offer of Proof regarding the specific lines of inquiry to be pursued in its direct examination of Mr. Weed by 5:00 p.m. on Monday, February 13, 2001. Plaintiff is directed to file (with two courtesy copies to the Court) and serve a written Offer of Proof

regarding the specific lines of inquiry to be pursued in its cross examination of Mr. Weed by 5:00 p.m. on Friday, February 17, 2001.

Dated: February 7, 2001

RICHARD H. KYLE
United States District Judge