**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pollack Landstrom Associates,

Plaintiff,

Civil No. 00-123 (RHK/JMM)
**ORDER**

v.

Labtec Corporation,

Defendant.

---

Before the Court is Defendant Labtec Corporation's ("Labtec") Motion for Judgment as a Matter of Law, made on the record on Friday, March 9, 2001, and Plaintiff Pollack Landstrom Associates' ("Pollack Landstrom") Motion for Judgment as a Matter of Law, dated March 11, 2001. Based on all of the files, records and proceedings herein (including three days of testimony presented before the undersigned), IT IS ORDERED THAT:

1. Labtec's Motion for Judgment as a Matter of Law is **GRANTED IN PART AND DENIED IN PART** as follows:

(a) The Court determines, as a matter of law, that the evidence is insufficient to establish the existence of a definite agreement between the parties (or a definite promise made by Labtec) with respect to a "favored nation status." Accordingly, the Court grants that portion of Labtec's Motion for Judgment as a Matter of Law seeking dismissal of the Pollack Landstrom's claim that Labtec's conduct in ending the parties' sales



FILED MAR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

representative relationship breached the "favored nation status" that Labtec had allegedly afforded Pollack Landstrom;

(b) Labtec is not entitled to a determination, as a matter of law, that the October 29, 1999 letter is privileged. As this Court has previously indicated, it is a question of fact for the jury as to whether Labtec had reasonable or probable cause to make the statements in the October 29, 1999, letter which are challenged as defamatory. Labtec bears the burden on that question, and it will be submitted to the jury.

(c) The Court determines that there is sufficient evidence from which a jury could find that the term of the parties' sales representative agreement is for a definite term of one year, ending each year on March 31, and renewing automatically for the following year. Accordingly, the Court will not grant Labtec a judgment as a matter of law on the Minnesota Sales Representative Act claim.

In connection with its argument for the entry of judgment as a matter of law on Pollack Lanstrom's Minnesota Sales Representative Act claim, Labtec also argued that the October 29, 1999, letter should be deemed a "notice of intent not to continue" and the 180-day notice period set out in subdivision 3 of the Act should be calculated from that date. First, that argument is inconsistent with the text of the October 29 letter, which states that it is a notice of termination sent pursuant to <u>subdivision 2</u> of the Act. Furthermore, Labtec is reading the phrase "notice of intent not to continue" in isolation, ignoring the multiple references in subdivision 3 to <u>non-renewal</u> and the clear distinction the Act makes between termination on the one hand and non-renewal on the other.

Labtec's reading of the phrase "notice of intent not to continue" would make subdivision 2 of the Act -- governing termination -- superfluous. The Court declines to construe the phrase "notice of intent not to continue" in subdivision 3 so broadly as to encompass a letter that is clearly a notice of termination.

2. Pollack Landstrom's Motion for Judgment as a Matter of Law is **GRANTED IN PART AND DENIED IN PART** as follows:

(a) The Court determines that, as a matter of law, Labtec's October 29, 1999, letter cannot support a jury finding that Labtec complied with either subdivision 2 or subdivision 3 of the Minnesota Sales Representative Act. This Court has already determined that the October 29, 1999, termination letter was not amended nunc pro tunc by the January 21, 2000, letter to become a notice of non-renewal pursuant to subdivision 3 of the Act. Furthermore, Labtec's January 21, 2000, letter states clearly and unequivocally that Labtec was amending its notice to Pollack Landstrom under the Minnesota Sales Representative Act "such that Pollack Landstrom's sales representation will not be renewed, instead of terminated." Accordingly, the Court will not submit a claim to the jury as to whether the October 29, 1999, letter violated either subdivision 2 or subdivision 3 of the Minnesota Sales Representative Act;

(b) The Court will deny Pollack Landstrom's Motion for Judgment as a Matter of Law on the defamation claim with respect to the January 21, 2000, letter. Pollack Landstrom has submitted no evidence to the jury that the statement in the January 21, 2000, letter was "published" to a third person either by Labtec or by Pollack Landstrom

through compelled self-publication. Accordingly, Pollack Landstrom will not be permitted to submit a defamation claim to the jury based on the January 21, 2000, letter;

(c) The Court will deny Pollack Landstrom's request for a determination as a matter of law that Labtec did not have a qualified privilege to make the allegedly false and defamatory statements in the October 29, 1999 letter. As discussed above, there is sufficient evidence to submit to the jury the issue of Labtec's reasonable or probable cause for believing the truth of the alleged defamatory statement;

(d) The Court will deny Pollack Landstrom's request for a ruling that it is entitled to a determination that the alleged defamatory statements in the October 29, 1999, letter are defamatory per se. The Court concludes that the question of whether the statements complained of fall within the category of "defamatory per se" is a question for the jury and it will be instructed accordingly; and

(e) The Court will also deny Pollack Landstrom's request for a determination as a matter of law that the January 21, 2000, letter was ineffective as a notice of non-renewal. The Court previously held that the January 21, 2000, letter could not be deemed effective as a 90-day notice of non-renewal even though Labtec paid Pollack Landstrom ninety days' worth of commissions, because the notice was sent less than 90 days before the date on which Pollack Landstrom claims the agreement expires. The Court will submit to the jury the question of whether the sales representative agreement between Labtec and Pollack Landstrom was for a "definite term." If the jury finds that the agreement's duration was "definite," they will be instructed to determine the amount of damages

Pollack Landstrom is owed for the period ending March 31, 2001, which is the end of the one year term following that for which Labtec attempted to give a notice of non-renewal. If the jury finds that the agreement's duration was "indefinite," they will be instructed to determine the amount of damages Pollack Landstrom is owed -- if any -- for the period ending July 19, 2000, which is 180 days after the January 21, 2000 notice of non-renewal was sent.

In light of Labtec's failure to provide Pollack Landstrom with an opportunity to cure any deficiencies in performance, as required by subdivision 3 of the Minnesota Sales Representative Act, the Court will not submit to the jury the issue of whether Labtec had "good cause" to fail to renew its sales representative contract with Pollack Landstrom. Accordingly, the Court does not deem it necessary to determine whether there was sufficient evidence to submit to the jury the issue of whether Labtec had established "good cause" for termination as defined by Minn. Stat. § 325E.37, subd. 1(b)(5).[1]

**IT IS FURTHER ORDERED** that, in light of Labtec's October 29, 1999, and January 21, 2000, letters to Pollack Landstrom (both of which rely on Minnesota law),

---

[1] The Court has serious reservations as to whether there is sufficient evidence to submit to the jury the question of whether Labtec has proven an actual material impairment of the good will of Labtec's trademark or trade name, as required by Minn. Stat. § 325E.37, subd. 1(b)(5).

Labtec is deemed to have waived any issue of whether Washington law[2] applies to Labtec's conduct in ending its sales representative relationship with Pollack Landstrom.

Dated: March 12, 2001

RICHARD H. KYLE
United States District Judge

[2] Labtec first suggested that Washington law applied in a letter dated March 6, 2001, with not a single reference to statutory or case law from the State of Washington.