**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pollack Landstrom Associates,

Plaintiff,

vs. Civil No. 00-123 (RHK/JMM)
**ORDER**

Labtec Corporation,

Defendant.

---

The above-entitled action came on for trial before the undersigned and a jury on March 7, 2001. Following the submission of the evidence in the matter, the Court directed a verdict against Plaintiff Pollack Landstrom Associates ("PLA") and for Defendant Labtec Corporation ("Labtec") on PLA's claim that Labtec breached an oral term of the parties' sales representative agreement that allegedly granted PLA "favored nation status." The Court denied PLA's directed verdict motion with respect to whether Labtec had given PLA effective statutory notice of its intent not to renew the parties' agreement, as called for in subdivision 3 of the Minnesota Sales Representative Act, Minnesota Statutes section 325E.37 (hereinafter "the MSRA").

On March 14, 2001, the jury returned special verdicts which were filed with the Court and incorporated into its Order for Judgment by reference. On March 14, 2001, judgment was entered in favor of PLA and against Labtec in the amount of $103,725.59 with respect to the Plaintiff's MSRA claim. On March 28, 2001, PLA

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

timely filed a renewed Motion for Judgment as a Matter of Law and for a New Trial. The parties have submitted memoranda with respect to this motion. Also before the Court is PLA's Motion for Attorney's Fees and Costs. The Court considers each of the Plaintiff's motions in turn.

In ruling on a renewed motion for judgment as a matter of law, where a verdict has been returned, the trial court may (a) allow the judgment to stand, (b) order a new trial, or (c) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(1). PLA's renewed motion for judgment as a matter of law raises nine issues. Three of the issues raised by PLA question whether the weight of the evidence was sufficient to support various findings made by the jury. (See Pl.'s Mem. Supp. Mot. for J. as a Matter of Law at 2, issues 3, 4, & 6.) The Court heard the evidence presented at trial and is satisfied that it was sufficient to support the challenged determinations. PLA has raised three other issues concerning the Court's instructions to the jury. (Id., issues 2, 7, & 8.) The Court concludes that its instructions correctly state the law of defamation by self-publication in Minnesota, and that it was appropriate to treat the October 29, 1999, letter from Labtec as a single defamatory statement. In addition, the Court finds no prejudicial error in its instructions to the jury concerning the non-renewal claim under the MSRA .

The Court rejects PLA's argument that the Court erred in allowing into evidence several other agreements between Labtec and other sales representatives. (Id., issue 5.) The agreements were relevant and admissible under Rule 406 of the Federal Rules of

Evidence. Finally, PLA claims that the Court erred in (1) granting Labtec's motion for a directed verdict on the "favored nation status" issue, and (2) denying PLA's motion for a directed verdict on whether Labtec had given a legally effective notice of non-renewal under the MSRA. (Id., issues 1 & 8.) The Court concludes that Plaintiff's arguments present nothing meriting reconsideration of the Court's earlier rulings. Accordingly, with respect to PLA's motion for judgment as a matter of law, the Court will allow the judgment to stand.

Plaintiff has also moved for an award of attorney's fees and costs. As authority for the award of attorney's fees, Plaintiff cites subdivision 5(b)(4) of the MSRA. Subdivision 5 deals generally with arbitration. Subdivision 5(a) provides that a sales representative has the option of (1) submitting a matter arising under the MSRA to arbitration or (2) bringing a claim in a court of law. Subdivision (b) sets out the remedies that the arbitrator may provide, including an award of reasonable attorney's fees. Minn. Stat. § 325E.37, subd. 5(b). The plain language of the statute does not provide for the award of attorney's fees by a court of law. Nor has Plaintiff cited any authority holding that the remedies an arbitrator may award in subdivision 5(b) can similarly be awarded by a court of law. Absent such express authorization from the Minnesota Legislature, the Court will not enter an award of fees.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT**

1. Plaintiff's Motion for Judgment as a Matter of Law and for a New Trial (Doc. No. 86) is **DENIED**.

2. Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 90) is **DENIED**.

April 16, 2001

RICHARD H. KYLE
United States District Judge