**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Pollack Landstrom Associates,

Plaintiff,

vs.

Labtec Corporation,

Defendant.

Civil File No. 00-123 (RHK/JMM)

**ORDER**

---

Before the Court is a letter from Plaintiff Pollack Landstrom Associates ("PLA"), submitted pursuant to Local Rule 7.1(g), requesting permission to seek reconsideration of that portion of this Court's April 16, 2001 Order denying PLA motion for attorneys' fees and costs. PLA prevailed in a jury trial on its claim that its sales representative agreement with Defendant Labtec Corporation had not been renewed in violation of the Minnesota Sales Representative Act ("MSRA"), Minn. Stat. § 325E.37. PLA sought an award of attorneys' fees pursuant to subdivision 5(b) of the MSRA. This Court construed subdivision 5(b) as only authorizing the award of attorneys fees by an arbitrator in the context of the arbitration proceedings defined in subdivision 5 of the MSRA.

PLA makes two main arguments in its letter: (a) the Court's interpretation of subdivision 5(b) of section 325E.37 of the Minnesota Statutes is contrary to "conflicting precedent"; and (b) PLA is alternatively entitled to attorneys fees under section 181.145 of the Minnesota Statutes. Having examined PLA's arguments, the Court concludes that



FILED MAY 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

neither warrants granting leave to brief a motion to reconsider.

The Minnesota Supreme Court recognizes as a "fundamental principle of law deeply ingrained in our common law jurisprudence . . . that each party bears his own attorney fees in the absence of a statutory or contractual exception." Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000). The Minnesota Supreme Court will "decline to construe legislative intent to abrogate the common law with regard to the attorney fees provision in the absence of a clear purpose to do so." Id. The abrogation "must be by express wording or necessary implication." Id. None of the cases cited in PLA's letter addresses whether the Minnesota Legislature manifested a clear intent in section 325E.37 to abrogate the American Rule such that the prevailing party may recover its attorneys' fees.[1] PLA's request for reconsideration of whether subdivision 5(b) abrogates the common law rule regarding attorneys' fees will be denied.

In the alternative, PLA claims it is entitled to fees and costs under section 181.145 of the Minnesota Statutes because "a claim under M.S.A. 181.145 is subsumed within a claim under the MSRA . . . ." (May 4, 2001 letter to the Court from PLA's counsel at 2.)

---

[1] The Minnesota Legislature expressly authorized arbitrators to make awards of attorneys' fees. The Minnesota Legislature also expressly gave sales representatives the choice of proceeding with arbitration or with a lawsuit in a court of competent jurisdiction. Minn. Stat § 325E.37, subd. 5(a). Having expressly authorized the award of attorneys' fees in the context of arbitration and remained silent regarding the award of attorneys' fees in litigation, the Court concludes that there is neither express wording nor necessary implication sufficient to abrogate the common law rule concerning attorneys' fees. The Court sees no need to certify the question to the Minnesota Supreme Court.

The only authority cited to support that assertion, however, involves a sales representative who asserted separate claims under the MSRA and section 181.145. See GTFM, LLC v. TKN Sales, Inc., No. 00CIV0235BSJ, 2000 WL 364871 at *3 (S.D.N.Y. Apr. 10, 2000). Here, PLA did not reference section 181.145 in either its December 20, 1999 Complaint or its June 14, 2000 Complaint (which was consolidated into the above captioned matter). Furthermore, the text of the MSRA does not suggest that a claim for untimely commission payments under section 181.145 is "subsumed" within the MSRA. Subdivision 4 of the MSRA states that a sales representative whose agreement has been terminated shall be paid any commissions due him in accordance with the sales representative agreement "or, if not specified in the agreement, . . . in accordance with section 181.145." Minn. Stat. § 325E.37, subd. 4. Subdivision 4 thus looks to section 181.145 to establish the timing of commission payments; it does not incorporate by reference the remedies set forth in section 181.145 for non-prompt payments.

Based on the foregoing and all of the files, records and proceedings herein, **IT IS ORDERED** that Plaintiff Pollack Landstrom Associates' May 4, 2001 letter requesting leave to move for reconsideration is **DENIED**.

Dated: May 7, 2001

Richard H. Kyle
United States District Judge